PER CURIAM.
The petition of relator in the above entitled and numbered case having been duly considered:
It is ordered the writs prayed for issue herein. Writs granted.
ON THE MERITS
Pretermitting the overruling of the various motions and exceptions filed herein, in view of the result we have reached herein, we will proceed with the merits of the case.
Since the time available for decision of this matter does not permit, a full discussion of all principles of law involved herein, we will merely render judgment and give abbreviated views on the single issue which we deem decisive of this controversy.
At the Democratic First Primary Election held on December 7, 1963, for selection of nominees of the Democratic Party for the six offices of Representative in the State Legislature from East Baton Rouge Parish, one person received an absolute majority of the votes cast and was certified as one of the Democratic Party candidates. Ten others, including the plaintiff, I. P. (Pat) Collier, and one of the defendants, Joseph F. Keogh, were certified as candidates in the Second Primary for selection of the five remaining nominees.
In the Second Primary, held on January 11, 1964, the returns of the Commissioners showed defendant, Keogh, to have received the fifth highest vote by a majority of 66 votes. Plaintiff, Collier, was shown on the returns as having received the sixth highest vote. However, when the voting machines were opened four days after the election; i. e., on January 15, 1964, a 100 vote mistake was found to have been made in the returns of the Commissioners, which mistake, when corrected, gave Collier a lead of 34 votes over Keogh. It was also discovered that one of the four voting machines used in Ward 1, Precinct 26, on which a total of 295 votes were cast, registered no votes for representative. It is possible therefore the outcome, of the election may have been changed if said 295 unregistered votes were counted and taken into consideration.
The Parish Democratic Executive Committee then ordered a revote by all electors who voted in said Precinct 26, Ward 1, to be held February 1, 1964, between all ten candidates in the second primary.
Plaintiff, Collier, then brought this suit to enjoin the said revote and to declare that he, Collier, was the fifth nominee of the Democratic Party to be voted on in the General Election.
The trial court annulled and set aside the action of the Committee and issued a writ of mandamus, directing the Com *788 mittee to meet on Monday, January 27, 1964, not later than 12 noon and to certify the names of plaintiff herein, I. P. (Pat) Collier, Luther F. Cole, W. F. (Bill) Bernhard, Jr., Lillian W. Walker and Carl V. Dawson as Democratic nominees for the offices of the House of Representatives from East Baton Rouge Parish, Louisiana. The trial court further entered a preliminary injunction restraining, enjoining and prohibiting defendant Keogh and the Democratic Executive Committee for the Parish of East Baton Rouge and the members thereof from any further action or proceeding' whatsoever for the conduct of a revote in the precinct and ward in question.
In United States v. Classic (1941) 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368, the United States Supreme Court held that electors have the right to have their votes counted at a primary election. Although that case involved the election of a representative in the Congress of the United States, the same principles apply here. The electors have the right to have their votes counted. This was denied certain of those voting in Ward 1, Precinct 26, Parish of East Baton Rouge. LSA-R.S. 18:358 (E) provides:
“There shall be no third primary. For any situation not especially provided for herein the committee calling the election shall provide for the selection of a nominee or nominees from the candidates.”
The election the Committee proposes to hold on February 1, 1964, would not be a third primary. It would be merely a rerun of the second primary, affording electors denied a vote in said second primary due to a machine malfunction, the right guaranteed them by law, the opportunity to have their votes counted. Nor is this particular situation provided for in the Primary Election Law. The Committee, under LSA-R.S. 18:358 (E), in order to provide a Democratic Nominee, has ordered a recast of the votes in a certain precinct in which the original votes were not counted. We cannot say it abused its discretion in so ordering.
It is therefore ordered, adjudged and decreed that the writ of mandamus and preliminary injunction entered herein by the trial court be and the same are hereby annulled, recalled, reversed and set aside.
It is further ordered, adjudged and decreed that the Democratic Parish Executive Committee for the Parish of East Baton Rouge be and the same is hereby ordered, authorized, directed and empowered to forthwith proceed to conduct the rerun of the second primary in Ward 1, Precinct 26, Parish of East Baton Rouge, as said Committee originally proposed, and that at said rerun all persons who voted in said precinct and ward in the primary election held January 11, 1964, shall be entitled to vote.
Reversed and rendered.